In re JINDAL SAW LIMITED, Jindal
Enterprises LLC, and Saw Pipes
USA, Relator.

No. 08–0805.

Supreme Court of Texas.

Feb. 27, 2009.

Levi Glenn McCathern, Jeffrey Christopher Wright, McCathern Mooty, L.L.P., Dallas, TX, for Relator.

Kurt Brynilde Arnold, David A. Baay, Jason A. Itkin, Arnold & Itkin LLP, Marvin B. Peterson, Law Office of Marvin B. Peterson, Houston, TX, for Real Party in Interest.

PER CURIAM.

At issue in this case is whether an arbitration agreement between a decedent and his employer requires the employee's wrongful death beneficiaries to arbitrate their claims against the employer. In light of our opinion in *In re Labatt Food Service, L.P.*, 279 S.W.3d 640 (Tex.2009), we conclude that it does.

Saw Pipes USA, Inc. did not provide workers' compensation insurance to cover its employees in the event of on-the-job injuries. Rather, it provided a benefit plan in which its employees could elect to participate. Attached to the benefit plan was an arbitration agreement providing that all disputes related to either the benefit plan, the arbitration agreement, or the employee's employment must be submitted to binding arbitration pursuant to the Federal Arbitration Act (FAA).

Carlos Lara, a Saw Pipes USA employee, elected to participate in the benefit plan and signed the arbitration agreement. Lara later died from injuries that occurred while he was working. His wife and children filed wrongful death and survival actions against Saw Pipes USA, Jindal Saw Limited, and Jindal Enterprises LLC (collectively Saw Pipes). Saw Pipes moved to compel arbitration, asserting that the arbitration agreement signed by Lara bound his wife and children. The trial court refused to compel arbitration.

Saw Pipes sought a writ of mandamus from the court of appeals directing the trial court to compel arbitration. The court of appeals held the trial court's refusal to compel arbitration of the survival action was a clear abuse of discretion and granted mandamus relief, but it also determined the trial court did not abuse its discretion by refusing to compel arbitration of the wrongful death claims. 264 S.W.3d 755, 757. The court of appeals did not have the benefit of our holding in *In re Labatt Food Service*, when it considered Saw Pipes's petition. In *Labatt*, we held that a decedent's pre-death arbitration agreement binds his or her wrongful death beneficiaries because under Texas law the wrongful death cause of action is entirely derivative of the decedent's rights. *In re Labatt*, 279 S.W.3d at 644; *see Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992).

 Saw Pipes seeks a writ of mandamus directing the trial court to compel arbitration of the wrongful death claims. A party denied the right to arbitrate pursuant to an agreement subject to the FAA does not have an adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion. *In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 128 (Tex.1999). In this case, the arbitration agreement executed by Lara provides that any disputes related to the benefit plan or to his employment with Saw Pipes must be arbitrated. Pursuant to the agreement, if Lara had sued for his own injuries immediately prior to his death, he would have been compelled to arbitrate his claims. Accordingly, his beneficiaries must arbitrate. *See In re Labatt*, 279 S.W.3d at 649. The trial court clearly abused its discretion by refusing to compel arbitration.

We grant Saw Pipes's petition for writ of mandamus and without hearing oral argument, conditionally grant mandamus relief. *See* Tex.R.App. P. 52.8(c). The trial court is directed to enter an order compelling arbitration of the beneficiaries' wrongful death claims. We are confident the trial court will comply, and the writ will issue only if it fails to do so.