**AFFIRMED; Opinion Filed December 16, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00299-CV

**HERITAGE NUMISMATIC AUCTIONS, INC. D/B/A HERITAGE AUCTIONS, Appellant**
**V.**
**HUGH STIEL, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-09220-I**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and O'Neill[1]
Opinion by Justice Myers

Heritage Numismatic Auctions, Inc. d/b/a/ Heritage Auctions brings this interlocutory

appeal of the trial court's order denying its motion to compel arbitration of the lawsuit brought

by Hugh Stiel. *See* Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 51.016 (West 2015), § 171.098(a)(1)

(West 2011). Heritage brings four issues on appeal contending (a) the trial court erred by

sustaining Stiel's objection that the contracts containing the arbitration provision were not

properly authenticated and (b) the arbitration provision applied to the disputes between Stiel and

Heritage. We conclude the trial court did not abuse its discretion by sustaining Stiel's objection

to the authentication of the contracts, and we do not reach Heritage's arguments concerning the

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

applicability of the arbitration provision to Stiel's claims. We affirm the trial court's order denying Heritage's motion to compel arbitration.

## BACKGROUND

Stiel sued Heritage for breach of contract and other causes of action concerning Heritage's auctions and consignment sales. Heritage filed a motion to compel arbitration based upon arbitration provisions in documents Heritage asserted were the contracts concerning the auctions and consignment sales. The motion was supported by the affidavit of Sarah Davies, an employee of Heritage. The contracts containing the arbitration provisions were Exhibit F attached to Davies' affidavit. Davies stated in her affidavit:

1. "My name is Sarah Davies. I am over the age of eighteen (18) years and I am of sound mind and capable to make this Affidavit. The facts contained herein are true and correct and based upon my personal knowledge and are made voluntarily and not under duress.

2. I am an Administrative Assistant and Project Coordinator and a records custodian of Heritage Numismatic Auctions, Inc. (hereinafter referred to as "Heritage") and the person at Heritage responsible to research the history of Hugh Stiel's account with Heritage. With respect to Hugh Stiel, Heritage shipped his nearly $2.5 million in coin purchases to 2420 Athania Parkway, Metairie, Louisiana which is also the address of Stiel's company Lafitte Rare Coins. A true and correct copy of Stiel's invoice for purchases at a Heritage auction is attached hereto as Exhibit "B." *Attached hereto as Exhibit "F" are the various Terms and Conditions governing Stiel's purchases from, and Auction Consignment Agreements relating to Stiel's consignments to Heritage.* Because he was buying to supply his company Lafitte Rare Coins' inventory, Heritage never considered Stiel to be, and Stiel is not, a "consumer." Lafitte Rare Coins is one of Stiel's businesses. I have been observing for more than a year Stiel's comments posted on various websites on the internet. Attached hereto as Exhibit "D" are examples of these comments. Attached as the first page of Exhibit "D" is a coin Stiel purchased from Heritage. The website on which this coin appeared is the Lafitte Rare Coins' website. A true and correct copy of the invoice reflecting Stiel's purchase of that coin is attached hereto as Exhibit "E."

. . . .

5. Exhibits "B, "E," "F," and "G" are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge, kept in the course of a regularly conducted business activity and it was a regular practice of Heritage to make the records.

(Emphasis added.)

In his response to Heritage's motion to compel arbitration, Stiel objected that Davies' affidavit "fails to authenticate the documents included as Exhibit F. Namely, Defendant has failed to aver that the documents included as Exhibit F are true and correct copies." Stiel asserted that because the documents included in Exhibit F were not properly authenticated, they were inadmissible.

At the hearing on Heritage's motion to compel arbitration, the trial court heard the parties' arguments about the admissibility of Exhibit F to Davies' affidavit. The court sustained Stiel's objection to Exhibit F. The next day, the court signed an order denying Heritage's motion to compel arbitration.

## MOTION TO COMPEL ARBITRATION

As the party moving to compel arbitration, Heritage had the burden of proving the existence of an enforceable arbitration agreement. *Bonded Builders Home Warranty Ass'n of Tex., Inc. v. Smith*, 488 S.W.3d 468, 476 (Tex. App.—Dallas 2016, no pet.). When the trial court sustained Stiel's objection to the admission of the documents in Exhibit F, which Heritage asserts included the contracts containing the arbitration agreements, Heritage was unable to prove that an enforceable arbitration agreement existed, and the trial court denied the motion to compel arbitration. *See In the Estate of Guerrero*, 465 S.W.3d 693, 705 (Tex. App.—Houston [14th Dist.] 2015, pet. pending). In its first issue, Heritage contends the trial court erred by sustaining Stiel's objection to the authentication of the documents in Exhibit F.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *VSR Fin. Servs., Inc. v. McLendon*, 409 S.W.3d 817, 825 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701

–3–

S.W.2d 238, 241–42 (Tex. 1985). A trial court's evidentiary ruling must be upheld if there is a legitimate basis for it. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

Before documents may be used as evidence, they must be authenticated as genuine. *Sierad v. Barnett*, 164 S.W.3d 471, 486 (Tex. App.—Dallas 2005, no pet.). The trial court's determination of whether the requirements for authentication have been met will not be overturned absent an abuse of discretion. *Id.*

Heritage argues the documents in Exhibit F were self-authenticating under Rule of Evidence 902. Rule 902(10) provides that a business record meeting the requirements of Rule 803(6) or (7) is self-authenticating if it is accompanied by an affidavit meeting certain requirements. TEX. R. EVID. 902(10). One of those requirements is that the affidavit state, "These are the original records or exact duplicates of the original records." TEX. R. EVID. 902(10)(B)(2). Davies stated in her affidavit that Exhibits B and E were "true and correct" copies of invoices. However, she did not testify that the documents in Exhibit F were "true and correct" copies of the contracts or otherwise state that they were the originals or exact duplicates of the originals.

Heritage argues Davies' statement at the beginning of her affidavit, "The facts contained herein are true and correct," was sufficient to authenticate Exhibit F. We disagree. The trial court could interpret this statement as asserting the factual averments in the affidavit were true and correct but not asserting the documents in Exhibit F were the originals or exact duplicates of the originals as required by Rule 902(10)(B)(2). We conclude Heritage has not shown the contracts included in Exhibit F were self-authenticated under Rule 902.

Heritage also argues the documents were authenticated under Rule 901, which states, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must

produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). The rule provides this requirement may be met by testimony of a witness with knowledge "that an item is what it is claimed to be." Davies stated, "Attached hereto as Exhibit 'F' are the various Terms and Conditions governing Stiel's purchases from, and Auction Consignment Agreements relating to Stiel's consignments to Heritage." The trial court could have concluded that Davies' statement did not constitute testimony that the documents in Exhibit F were the originals or exact copies of the contracts. Heritage does not cite any case holding that a trial court abuses its discretion by sustaining an objection to the authentication of a document under these circumstances.

We conclude Heritage has not shown the trial court abused its discretion by sustaining Stiel's objection to Exhibit F.[2] We overrule Heritage's first issue.

Because the contracts were not admitted into evidence, Heritage failed to meet its burden of proving the existence of an enforceable arbitration agreement. Therefore, the trial court did not abuse its discretion by denying the motion to compel arbitration. *See In the Estate of Guerrero*, 465 S.W.3d at 705.

Heritage's remaining issues concern whether the arbitration clauses applied to Stiel's claims. Because we have concluded the trial court did not err by sustaining Stiel's objection to the admission of the contracts containing the arbitration clauses, determination of these issues is not necessary to the resolution of the appeal. Accordingly, we do not address them. *See* TEX. R. APP. P. 47.1.

---

[2] Whether the trial court would have abused its discretion by overruling the authentication objection and admitting the documents is not before us, and we make no determination of that issue.

We affirm the trial court's order denying Heritage's motion to compel arbitration.


/Lana Myers/
LANA MYERS
JUSTICE

160299F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HERITAGE NUMISMATIC AUCTIONS, INC. D/B/A HERITAGE AUCTIONS, Appellant

No. 05-16-00299-CV     V.

HUGH STIEL, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-15-09220-I.
Opinion delivered by Justice Myers. Justices Lang-Miers and O'Neill participating.

In accordance with this Court's opinion of this date, the order of the trial court denying the motion to compel arbitration is **AFFIRMED**.

It is **ORDERED** that appellee HUGH STIEL recover his costs of this appeal from appellant HERITAGE NUMISMATIC AUCTIONS, INC. D/B/A HERITAGE AUCTIONS.

Judgment entered this 16th day of December, 2016.