**Affirmed and Memorandum Opinion filed February 25, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00739-CV

---

## LOCUMTENENS.COM, LLC D/B/A LT MEDICAL, LLC, Appellant

## V.

## DR. HANI HANNA, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1107602**

---

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, we consider a challenge to the trial court's denial of a motion to compel arbitration. Because the movant completely failed to authenticate the alleged arbitration agreement, the movant did not prove any arbitration agreement, and the trial court did not err in denying the motion to compel arbitration. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Dr. Hani Hanna filed suit against appellant/defendant LocumTenens.com, LLC d/b/a LT Medical, LLC ("Locum Tenens"), asserting claims for breach of contract and quantum meruit. In his original petition, Dr. Hanna alleged that "Dr. Hanna and [Locum Tenens] entered into a Services Agreement effective March 14, 2017." Dr. Hanna did not attach a copy of this agreement to his petition. Dr. Hanna also alleged that he and Locum Tenens executed an "Assignment Addendum" in April 2017, for Dr. Hanna to work at a hospital in San Antonio. Dr. Hanna did attach a copy of the Assignment Addendum to the petition, and in this document, the parties agreed that they entered into the Assignment Addendum under the Services Agreement effective March 14, 2017, and that the Assignment Addendum was part of the Services Agreement and subject to its terms (the "Assignment Addendum"). Dr. Hanna alleged that although he fully and properly performed services for patients at the hospital in San Antonio and requested payment for his services, Locum Tenens failed and refused to pay him any compensation.

Locum Tenens filed a "Motion to Compel Arbitration and Stay Litigation," asserting that Exhibit 1 attached to the motion (the "Purported Agreement") was the "Services Agreement" that Dr. Hanna entered into in March 2017.[1] The Purported Agreement attached to the motion contains an arbitration provision that, according to Locum Tenens, requires Dr. Hanna to arbitrate the claims that he has asserted in this lawsuit. The only evidence Locum Tenens submitted in support of its motion to compel was the Purported Agreement, the Assignment Addendum,

---

[1] Locum Tenens asserted that Dr. Hanna entered into this contract with LT Medical, LLC rather than with Locum Tenens. Locum Tenens also asserted in the trial court that LocumTenens.com, LLC has never done business as LT Medical, LLC. We need not address either contention to adjudicate this appeal, and we do not comment on either issue.

and another assignment addendum.

Dr. Hanna filed a verified response in opposition to the motion to compel in which he specifically denied that he had executed the Purported Agreement. Dr. Hanna stated that the signature shown on the Purported Agreement is not his electronic signature and that he at no time agreed to arbitrate any disputes with Locum Tenens.

The trial court denied Locum Tenens's Motion to Compel Arbitration and Stay Litigation, and Locum Tenens timely perfected this appeal.

## II. ISSUES AND ANALYSIS

In its first appellate issue Locum Tenens asserts that the trial court abused its discretion in denying its motion to compel when (1) Dr. Hanna judicially admitted in his petition that he entered into the Purported Agreement; (2) there was no bona fide fact issue as to whether Dr. Hanna signed the Purported Agreement; and (3) it is undisputed that Dr. Hanna signed the Assignment Addendum, which included terms adopting the terms of the Purported Agreement and agreeing that the addendum became part of the Purported Agreement.

### A. Did Dr. Hanna judicially admit that he entered into the Purported Agreement?

On appeal, Locum Tenens asserts that Dr. Hanna judicially admitted that he entered into the Purported Agreement by making the following statement in the original petition: "Dr. Hanna and [Locum Tenens] entered into a Services Agreement effective March 14, 2017." Dr. Hanna did not specify whether this Services Agreement was an oral agreement or a written agreement. Dr. Hanna did not attach a copy of any Services Agreement to the original petition, nor did he describe the terms and conditions of this agreement in the original petition. This statement from the original petition does not rise to the level of a clear, deliberate,

3

and unequivocal statement that Dr. Hanna entered into the Purported Agreement, as is required for a judicial admission. *See In re Estate of Guerrero*, 465 S.W.3d 693, 705–06 (Tex. App.–Houston [14th Dist.] 2015, pet. denied) (holding that counsel's statements regarding signing of documents did not rise to the level of a judicial admission that the decedent signed a document containing an arbitration provision) (en banc); *Fairfield Indus., Inc. v. EP Energy E&P Co., L.P.*, 531 S.W.3d 234, 244 n.6 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (holding that statements in live pleading and other documents did not rise to the level of a judicial admission as to the correctness of any of the opposing party's arguments). The statement does not amount to a judicial admission. *See In re Estate of Guerrero*, 465 S.W.3d at 705–06; *Fairfield Indus., Inc.*, 531 S.W.3d at 244 n.6.

Locum Tenens also relies on Dr. Hanna's allegation in his First Amended Petition that "[t]hrough a series of emails and phone calls in March 2017, Dr. Hanna and [Locum Tenens] entered into a contract whereby Dr. Hanna, through [Locum Tenens], would be temporarily employed by [Locum Tenens's] medical provider clients." Locum Tenens asserts that this statement constitutes a judicial admission that Dr. Hanna entered into the Purported Agreement. As Locum Tenens concedes, Dr. Hanna did not file this pleading until after the trial court made the challenged ruling. Because we limit our review to the record before the trial court at the time of its ruling, we cannot adjudicate the merits of this appeal based on any alleged judicial admission in Dr. Hanna's First Amended Petition. *See Perry Homes v. Cull*, 258 S.W.3d 580, 596 n.89 (Tex. 2008). In any event, the statement from the amended pleading does not rise to the level of a clear, deliberate, and unequivocal statement that Dr. Hanna entered into the Purported Agreement, as is required for a judicial admission. *See In re Estate of Guerrero*, 465 S.W.3d at 705–06; *Fairfield Indus., Inc.*, 531 S.W.3d at 244 n.6. Even if the

4

statement had preceded the trial court's ruling, we could not conclude that the statement constitutes a judicial admission.

## B. Did Locum Tenens prove the existence of an arbitration agreement?

In reviewing the trial court's denial of the motion to compel, we construe the record in a light favorable to supporting the trial court's ruling. *See In re Estate of Guerrero*, 465 S.W.3d at 701. When, as in today's case, a party does not request findings of fact or conclusions of law and the trial court files none, the law implies the trial court made all necessary findings of fact to support its ruling. *Id*. The trial court did not state a basis for its ruling in the order denying the motion to compel arbitration. So, we must uphold the trial court's ruling on any legal theory supported by the record. *Id*.

Arbitration cannot be ordered in the absence of an agreement to arbitrate. *Id.* at 699. Thus, despite strong presumptions that favor arbitration, a valid agreement to arbitrate is a settled, threshold requirement before a trial court may compel arbitration. *Id*. As the party moving to compel arbitration, Locum Tenens had the initial burden of proof to establish the arbitration agreement's existence. *See id.* at 703. Proving the existence and execution of the arbitration agreement is a prerequisite to compelling arbitration. *Id*. The evidentiary standards in the motion-to-compel-arbitration context are the same as the evidentiary standards in the motion-for-summary-judgment context. *Id*. Copies of documents must be authenticated to constitute competent evidence. *Id*. A properly sworn affidavit stating that the attached documents are true and correct copies of the original authenticates the copies so they may be considered as evidence. *Id*. at 704.

The Purported Agreement contains the arbitration provision on which Locum Tenens relies in seeking to compel Dr. Hanna to arbitrate his claims. Locum Tenens attached a copy of the Purported Agreement to its motion to

5

compel. Locum Tenens did not assert in the motion that the attached copy of the Purported Agreement was "true and correct." Locum Tenens did not submit any affidavit or other testimony in an effort to authenticate the attached Purported Agreement. Simply attaching a document to a motion does not make the document admissible as evidence, dispense with proper foundational evidentiary requirements, or relieve a litigant of complying with other admissibility requirements. *See id.*

The clerk's record contains a notice under Texas Rule of Civil Procedure 193.7 that Locum Tenens filed five days before the trial court issued the challenged order. Rule 193.7 provides in pertinent part as follows: "A party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless— within ten days or a longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used—the party objects to the authenticity of the document, or any part of it, stating the specific basis for objection." Tex. R. Civ. P. 193.7.

In its Rule 193.7 notice Locum Tenens stated that it gave notice to all parties that it intended "to use documents produced by all parties in response to written discovery, attached to depositions as exhibits, or produced for inspection in this case at any hearing, pre-trial proceeding[,] or at the trial on the merits, without the necessity of authenticating the documents." In this notice, Locum Tenens did not refer to the Purported Agreement. Because nothing in the record shows that Dr. Hanna produced the Purported Agreement in response to written discovery, Locum Tenens did not authenticate the Purported Agreement under Rule 193.7. *See Albert Lee Giddens, APLC v. Cuevas*, 2017 WL 4159263, at *4 (Tex. App.— Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.).

In *In re Estate of Guerrero*, this court, sitting en banc, determined that a document submitted as evidence in a motion-to-compel-arbitration context contains a substantive defect that renders it incompetent if there was a complete failure to authenticate the document. *See In re Estate of Guerrero*, 465 S.W.3d at 705, 706–08. Absent authentication of the Purported Agreement, Locum Tenens did not prove an agreement to arbitrate. *See id.* at 705. Locum Tenens completely failed to authenticate the alleged arbitration agreement. The complete absence of authentication of this alleged agreement amounts to a substantive defect that is not waived by Dr. Hanna's failure to object and obtain a ruling in the trial court. *See id.* at 705, 706–08. Under this court's precedent in *In re Estate of Guerrero*, this substantive defect makes the copy of the Purported Agreement submitted in support of Locum Tenens's motion to compel incompetent to provide any evidence in support of the motion. *See id.* Because Locum Tenens did not prove any arbitration agreement, the trial court did not err in denying the motion to compel arbitration. *See id.* So, we overrule Locum Tenens's first issue.

## C. Did the trial court err in not staying the litigation?

In its second appellate issue, Locum Tenens asserts that the trial court erred in not staying the litigation. The only reason Locum Tenens gives for this alleged error is that trial court must stay the litigation when compelling litigants to arbitrate. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.021(c), 171.025. Because Locum Tenens has not shown that the trial court erred in refusing to compel arbitration, Locum Tenens also has not shown that the trial court erred in refusing to stay the litigation. *See id.* Thus, we overrule the second issue.

Having overruled all of Locum Tenens's issues, we affirm the trial court's order denying the Motion to Compel Arbitration and Stay Litigation.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.