

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00289-CV

---

GEO-TECH FOUNDATION REPAIR                                   APPELLANT

V.

TERRY LEGGETT                                                APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 2015-006367-2

----------

## MEMORANDUM OPINION[1]

----------

In one issue, appellant Geo-Tech Foundation Repair (Geo-Tech) appeals the trial court's interlocutory order denying a motion to compel arbitration.[2]  Geo-Tech contends that it seeks to enforce a mandatory arbitration provision contained in the parties' contract and that appellee Terry Leggett cannot show

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.021(a), .098(a)(1) (West 2011).

that Geo-Tech has waived its entitlement to arbitration. Leggett contends that the record does not include any competent evidence of a valid agreement to arbitrate and that Geo-Tech's delay in demanding arbitration justified the trial court's denial of the motion to compel arbitration. We reverse and remand.

**Background Facts**

In November 2015, Leggett sued Geo-Tech for breach of contract. Leggett alleged that in April 2011, the parties had entered into an agreement for Geo-Tech to perform foundation work on Leggett's Fort Worth home. Leggett alleged that Geo-Tech had performed the work improperly and had attempted, but had failed, to correct problems that resulted from the deficient performance. Leggett asserted that Geo-Tech had "breached its contract . . . for the performance of services, to-wit, repair to the foundation of [Leggett's] home." In his petition, Leggett sought damages of $40,000 plus attorney's fees under the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2015). Geo-Tech filed an answer in which it asserted a general denial and pled for costs and attorney's fees.

Six months after filing its answer, in May 2016, Geo-Tech filed a motion to compel arbitration under section 171.021 of the civil practice and remedies code. *See id.* § 171.021(a). In the motion, Geo-Tech contended that the parties had entered into a contract for foundation repair of Leggett's home in April 2011 and that the contract had the following clauses:

2

Owner and Contractor agree that any dispute, or lawsuit related in any way to this agreement or the work related thereto, shall be resolved by mandatory and binding arbitration administered by the American Arbitration Association (AAA) in accordance with this arbitration agreement and under the commercial arbitration rules of the AAA . . . .

. . . .

In the event that the Owner and Contractor cannot agree that the movement in the foundation has been controlled and settlement is within the tolerances specified above, it is specifically agreed by acceptance of this warranty that the matter shall be determined by binding arbitration administered by the American Arbitration Association (AAA) in accordance with this arbitration agreement and under the commercial arbitration rules of the AAA . . . .

To the motion, Geo-Tech attached a copy of the parties' contract that contains the provisions above and represented that the attachment was a "true copy," although Geo-Tech's motion was not sworn. The contract recites Leggett's name, address, and signature; states an amount that Leggett agreed to pay Geo-Tech; includes a date; and illustrates the proposed foundation repair.

Leggett responded to Geo-Tech's motion to compel arbitration. He argued that Geo-Tech had waived its right to demand arbitration because of its delay in doing so and because of his prejudice caused by the delay. He conceded that the arbitration clause in the parties' contract "purport[ed] to allow [Geo-Tech] to . . . arbitrate the complaints raised by [Leggett]." He argued, however, that the trial court should not reward Geo-Tech's "dilatory tactics" by granting arbitration. Leggett did not object to the contract that Geo-Tech attached to its motion to compel or contest Geo-Tech's assertions that the parties had entered into a

3

contract and that the contract had contained the arbitration provisions quoted above.

After Geo-Tech replied to Leggett's response, the trial court denied Geo-Tech's motion to compel arbitration. Geo-Tech brought this appeal.

**Motion to Compel Arbitration**

Geo-Tech contends that the trial court erred by denying the motion to compel arbitration. In their briefing to this court, the parties focus on two disputes: (1) whether Geo-Tech was required to authenticate the contract that it attached to its motion to compel in the trial court (and whether Leggett was required to object to any failure to authenticate the contract as a prerequisite to arguing lack of authentication on appeal), and (2) whether Geo-Tech's delay in seeking arbitration resulted in a waiver of its right to do so.

A written agreement to arbitrate a controversy that arises between parties after the date of the agreement is generally valid and enforceable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.001(a)(2) (West 2011); *Jabri v. Qaddura*, 108 S.W.3d 404, 410 (Tex. App.—Fort Worth 2003, no pet.). A party to such an agreement may file a motion to compel arbitration of a dispute, and the trial court "shall order" the parties to arbitrate on a showing of an agreement to arbitrate and the opposing party's refusal to do so. Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a); *Jabri*, 108 S.W.3d at 410. If a party opposing arbitration "denies the existence of the agreement," the court "shall summarily determine that issue."

4

Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b). When a trial court denies a motion to compel arbitration, the party seeking arbitration may bring an interlocutory appeal. *Id.* § 171.098(a)(1).

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion, but we review whether there is a valid and enforceable arbitration agreement de novo. *Watts Regulator Co. v. Tex. Farmers Ins. Co.*, 498 S.W.3d 643, 646 (Tex. App.—Fort Worth 2016, pets. abated); *BBVA Compass Inv. Solutions, Inc. v. Brooks*, 456 S.W.3d 711, 723 (Tex. App.—Fort Worth 2015, no pet.); *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 203 (Tex. App.—Fort Worth 2015, no pet.). A party seeking to compel arbitration must show that the claims at issue are subject to a valid arbitration agreement and fall within the scope of that agreement. *Watts Regulator Co.*, 498 S.W.3d at 646–47.

Federal and state law strongly favor arbitration. *BBVA Compass Inv. Sols., Inc.*, 456 S.W.3d at 717. "[A] trial court that refuses to compel arbitration under a valid and enforceable arbitration agreement has abused its discretion." *Brand FX, LLC*, 458 S.W.3d at 204.

**Authentication**

On appeal, Geo-Tech contends that the contract attached to its motion to compel contains valid and binding arbitration provisions. Leggett argues, however, that the attachment cannot serve as competent evidence of a valid agreement to arbitrate because it is not authenticated. Leggett does not deny that the parties entered into a contract (indeed, he has brought a claim for breach

5

of that contract), but he contends that the contract that appears in the record was not properly authenticated.

Leggett did not raise this argument in the trial court. On appeal, he cites two cases for the proposition that an unauthenticated contract cannot serve as competent evidence of an agreement to arbitrate. *See In the Estate of Guerrero*, 465 S.W.3d 693, 705 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc) ("Because Champion has not authenticated the Arbitration Agreement or any of the sales documents it attached to its motions to compel arbitration, there is no competent evidence of an agreement to arbitrate."); *In re Universal Fins. Consulting Grp.*, No. 14-08-00226-CV, 2008 WL 2133186, at *2 (Tex. App.—Houston [14th Dist.] May 20, 2008, orig. proceeding) (mem. op.) ("Here, no affidavit was submitted with either the motion to compel or the amended motion to compel authenticating the escrow agreement or the asset purchase agreement. We conclude that there is no competent evidence of an agreement to arbitrate.").

The plain language of section 171.021(b) requires a trial court to "determine [the] issue" of the existence of an arbitration agreement when the party opposing arbitration "denies the existence of the agreement." Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b); *see BCCA Appeal Grp. v. City of Houston*, 496 S.W.3d 1, 8 (Tex. 2016) (explaining that we must "initially look to the plain meaning of the text as the sole expression of legislative intent"); *see also ANCO Ins. Servs. of Houston, Inc. v. Romero*, 27 S.W.3d 1, 5 (Tex. App.—

San Antonio 2000, pet. denied) ("If a party opposes an application to arbitrate by denying the existence of an agreement, the trial court must summarily determine that issue."). Leggett never denied the existence of an agreement. Instead, he pled in his original petition that he had entered into an agreement in April 2011 with Geo-Tech for foundation repair at a particular Fort Worth address, and the foundation repair contract that Geo-Tech attached to its motion to compel contains that date and that address along with detailed terms, Geo-Tech's letterhead, and Leggett's signature. Furthermore, Leggett's sole response to Geo-Tech's motion to compel arbitration—that Geo-Tech had waived its right to demand arbitration—assumed that Geo-Tech at one point had the right to compel arbitration under the parties' contract. Leggett's response acknowledged the existence of the "arbitration clause" that "purport[ed] to allow [Geo-Tech] . . . to arbitrate the complaints raised by [Leggett] as early as April of 2011." Leggett quoted part of the arbitration clause in his response and referred to arbitration as "relief [that Geo-Tech was] *capable of requesting* five years ago." [Emphasis added.] The response assumed that Geo-Tech once enjoyed an "entitlement to seek to arbitrate this . . . dispute."

Under these specific circumstances, because Leggett never denied in the trial court that an arbitration agreement existed and assumed or acknowledged that one existed, we cannot affirm the trial court's order on the basis of Geo-Tech's failure to present competent evidence of an agreement to arbitrate, as Leggett argues. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b); *see also*

7

*Bell v. Koch Foods of Miss., LLC*, 358 Fed. Appx. 498, 501 (5th Cir. 2009) (overruling an appellate complaint concerning an alleged lack of authentication of arbitration agreements when the party opposing arbitration did not object to authenticity in the trial court and did not argue that the agreements had not been properly signed); *In re Whitfield*, 115 S.W.3d 753, 755 (Tex. App.—Beaumont 2003, no pet.) (relying on a party's admission that arbitration agreements existed).

Our conclusion in this regard receives support from three principles that generally undergird the requirement of preservation of error. *See* Tex. R. App. P. 33.1(a). First, "requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal." *Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 317 (Tex. 2012). Second, "judicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error." *Id.* Third, and most pertinent to the issue presented here, a party should not be "permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time." *Id.*

We note that in each of the cases relied on by Leggett, the party opposing arbitration objected in the trial court to the lack of authentication and therefore appeared to deny the existence of the agreement in accordance with section 171.021(b). *See Guerrero*, 465 S.W.3d at 704; *Universal Fins. Consulting Grp.*,

8

2008 WL 2133186, at *1; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b). Thus, we conclude that those cases are distinguishable. *See Guerrero*, 465 S.W.3d at 704 (noting that the facts in that case concerning the arbitration agreement were "disputed" and acknowledging that a "trial court may summarily decide whether to compel arbitration on the basis of affidavits, *pleadings*, discovery, and *stipulations if the material facts are not controverted*" (emphasis added)); *see also Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) ("[W]e hold that the trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations."). To the extent that the courts' decisions in the cases cited by appellant may be construed to hold that a party may challenge authentication of an arbitration agreement for the first time on appeal even when the party never challenged the agreement in the trial court and affirmatively acknowledged the agreement's existence there, we disagree.

We conclude that the totality of the record establishes the existence of a valid arbitration agreement, especially in light of Leggett's failure to deny the existence of that agreement and his assumption that the agreement existed. *See Watts Regulator Co.*, 498 S.W.3d at 646.

**Alleged waiver**

Given our conclusion that the record establishes the existence of an arbitration agreement between Geo-Tech and Leggett, arbitration must occur unless Geo-Tech's delay in seeking arbitration resulted in waiver, as Leggett

9

contends. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001(a), .021(a). Leggett argues that Geo-Tech waived its right to demand arbitration because it first made the demand months before the date set for trial and years after the parties had entered the agreement for foundation repairs and after Geo-Tech had failed to make the repairs. Geo-Tech contends that the lapse of time between Leggett's November 2015 original petition and Geo-Tech's May 2016 demand for arbitration is insufficient to establish waiver, that Geo-Tech has not substantially invoked the judicial process to cause waiver, and that Leggett has not shown any prejudice caused by Geo-Tech's delay in requesting arbitration.

As the Texas Supreme Court recently explained,

> A party's right to arbitrate may be waived by its substantially invoking the judicial process to the other party's detriment. To effect such an implied waiver, however, the conduct that substantially invoked the judicial process must have prejudiced the other party to the arbitration agreement. When courts consider allegations of such a waiver, "[t]here is a strong presumption" against it . . . . The presumption governs in close cases. . . .

> Where facts are undisputed, whether the right to arbitrate has been waived is a matter of law subject to *de novo* review on appeal. The party asserting waiver bears a heavy burden of proof to show the party seeking arbitration has waived its arbitration right. Whether waiver has occurred depends on the totality of the circumstances. The analysis involves numerous factors, including whether the party asserting the right to arbitrate was plaintiff or defendant in the lawsuit, how long the party waited before seeking arbitration, the reasons for any delay in seeking to arbitrate, how much discovery and other pretrial activity the party seeking to arbitrate conducted before seeking arbitration, whether the party seeking to arbitrate requested the court to dispose of claims on the merits, whether the party seeking to arbitrate asserted affirmative claims for relief in court, the amount of time and expense the parties have expended in

10

litigation, and whether the discovery conducted would be unavailable or useful in arbitration.

Generally, no one factor is, by itself, dispositive. Parties seeking to arbitrate have taken several different types of action without substantially invoking the judicial process. Examples of such actions include filing suit, conducting discovery, noticing depositions, taking depositions, agreeing to trial settings, and moving for procedural disposition. Additionally, asserting defensive claims . . . does not waive arbitration. And while delay by the party seeking arbitration may be a factor, we have found no waiver in cases where there were delays of as much as eight months and even two years.[3]

*RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430–31 (Tex. 2016) (citations omitted); *see G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12 (Tex. 2015) (stating that a party asserting waiver as a defense to arbitration has the "high" burden "to prove that (1) the other party has 'substantially invoked the judicial process,' which is conduct inconsistent with a claimed right to compel arbitration, and (2) the inconsistent conduct has caused it to suffer detriment or prejudice"); *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575–76 (Tex. 2014) (stating that "mere delay in moving to compel arbitration is not enough for waiver" and explaining that whether a party has "substantially invoked the judicial process depends on . . . factors [such as] the reason for delay in moving to enforce arbitration, the amount of discovery conducted by the movant, and whether the movant sought disposition on the merits"); *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d

---

[3]The delay between when Leggett filed his original petition and when Geo-Tech filed its motion to compel arbitration was six months.

11

542, 543 (Tex. 2014) ("Proving waiver is a high hurdle due to the strong presumption against waiver of arbitration."); *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex. 1995) (orig. proceeding) ("A party does not waive a right to arbitration merely by delay; instead, the party urging waiver must establish that any delay resulted in prejudice.").

In the context of showing waiver of a right to arbitration, prejudice means "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Kennedy Hodges, L.L.P.*, 433 S.W.3d at 545. "Any doubts regarding waiver are resolved in favor of arbitration." *Nw. Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 847 (Tex. App.—Fort Worth 2008, pet. denied). Merely engaging in litigation, such as filing counterclaims or participating in discovery, is not enough to result in waiver. *Branch Law Firm L.L.P. v. Osborn*, No. 14-14-00892-CV, 2016 WL 444867, at *14 (Tex. App.—Houston [14th Dist.] Feb. 4, 2016, pet. denied).

The record in this case does not contain sufficient evidence of either required ground for waiver: that Geo-Tech substantially invoked the judicial process or that Leggett has been prejudiced. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 511–12. The forty-seven-page clerk's record establishes Geo-Tech's limited participation in this suit. The record contains only three documents filed by Geo-Tech: its original answer, its motion to compel arbitration, and its reply to Leggett's response to the motion to compel arbitration. Geo-Tech's answer—a

12

one-page document—asserts only a general denial and a request for costs and attorney's fees. *See* Tex. R. Civ. P. 92. The record does not establish any attempt by Geo-Tech to seek disposition of Leggett's breach of contract claim on its merits or otherwise.

Furthermore, in its reply to Leggett's response to the motion to compel, Geo-Tech represented that it had not propounded any discovery, and Leggett, as the party bearing the burden on the waiver issue, did not present evidence to the contrary. Also, an e-mail that appears in the record, sent by Leggett's counsel to Geo-Tech's counsel in May 2016, indicates that Geo-Tech had not responded to at least some of Leggett's discovery requests at that time. On appeal, Geo-Tech acknowledges that it has propounded requests for disclosure, *see* Tex. R. Civ. P. 194.2, but states that it has served no other requests for discovery.

For all of these reasons, we cannot conclude that Geo-Tech substantially invoked the judicial process. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 511–12.

With regard to prejudice, although Leggett emphasizes that Geo-Tech sought arbitration after the case was already set for trial, the record shows that Geo-Tech filed the motion to compel arbitration just a few days after Leggett's counsel sent an e-mail stating that he was going to set the case for trial. Further, Leggett stated in his response to the motion to compel that the trial date was set for October 2016, which is five months after Geo-Tech sought arbitration.

13

Therefore, the record does not suggest that Geo-Tech waited until Leggett had spent significant resources preparing for trial before demanding arbitration.[4]

In the trial court, Leggett argued that Geo-Tech's delay in seeking arbitration before Leggett filed his original petition may have caused the loss of certain claims under a statute of limitation. But Leggett did not reveal what claims he could have brought but had not. Furthermore, although Leggett argued in the trial court that Geo-Tech "str[ung him] along with hollow promises as his rights fade[d], [and then sought to take] away his day in [c]ourt,"[5] Leggett did not provide any proof of such pre-litigation conduct. Furthermore, in the e-mail between counsel discussed above, Leggett's counsel stated that arbitration did not "trouble" Leggett because "[a]ll breach of contract remedies, including recovery of [counsel's] attorney's fees, [were] available in arbitration."

---

[4]Leggett did not provide evidence concerning any money or time he spent in pursuing his breach of contract claim before Geo-Tech filed its motion to compel arbitration.

[5]On appeal, Leggett states,

More than five years ago, [Leggett] sought the services of . . . Geo-Tech for repair of the foundation of his home. But [Geo-Tech] failed to resolve these foundation problems. Over the next several years, Geo-Tech strung [Leggett] along, always promising they would be able to fix both the foundation problems for which they were originally hired [and] the damages they . . . caused in their faulty attempts at repair.

After years of promises and failed repairs, [Leggett] filed suit.

[Footnotes omitted.]

14

Thus, we cannot conclude that the record establishes Leggett's prejudice from Geo-Tech's delay in seeking arbitration after the parties engaged in pre-litigation disputes or after Leggett filed his original petition. *See id.*; *Nw. Constr. Co.*, 248 S.W.3d at 848.

For all these reasons, we cannot conclude that Leggett satisfied either of the requirements to defeat the strong presumption against a waiver of arbitration. *See RSL Funding*, 499 S.W.3d at 430; *G.T. Leach Builders, LLC*, 458 S.W.3d at 511–12; *Nw. Constr. Co.*, 248 S.W.3d at 848.

**Conclusion**

Based on the reasons stated above, we conclude that the trial court abused its discretion by denying Geo-Tech's motion to compel arbitration. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001(a), .021(a); *BBVA Compass Invs. Solutions*, 456 S.W.3d at 717. We sustain Geo-Tech's sole issue. Having sustained Geo-Tech's sole issue, we reverse the trial court's order denying Geo-Tech's motion to compel arbitration, and we remand this cause to the trial court for further proceedings consistent with this opinion.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED: March 30, 2017

15