**Affirmed in Part, and Reversed and Remanded in Part, and Memorandum Opinion filed September 19, 2017.**



In the

# Fourteenth Court of Appeals

### NO. 14-16-00772-CV

**ALBERT LEE GIDDENS, APLC, Appellant**

**V.**

**JUAN CUEVAS, EVENTINO ARREDONDO, AND BUILT RIGHT HOMES, LLC, Appellees**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1052823**

## M E M O R A N D U M   O P I N I O N

Appellant Albert Lee Giddens, APLC ("Intervenor"), challenges the trial court's (1) final summary judgment against it and in favor of appellee Juan Cuevas, and (2) order granting the special appearance of appellees Eventino Arredondo and

Built Right Homes, LLC (collectively, the "Arredondo parties").[1] We reverse the summary judgment, overrule Intervenor's special-appearance issue as moot, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Intervenor is a law firm. Intervenor, purportedly representing Cuevas, filed this suit against the Arredondo parties in September 2014. Cuevas's original petition alleged that Arredondo fraudulently transferred his properties to his wife's corporation, Built Right Homes, to avoid paying an award that Cuevas secured in 2010 in a prior judgment. Intervenor also filed a plea in intervention on its own behalf, asserting breach-of-contract and quantum-meruit claims against Cuevas. The plea sought relief for Cuevas's non-payment of attorney's fees purportedly awarded to Cuevas and Intervenor in the prior judgment, plus fees for Intervenor's post-judgment collection work. The Arredondo parties thereafter filed a sworn motion to show authority pursuant to rule 12, *see* Tex. R. Civ. P. 12, and Intervenor amended its plea in intervention to add claims against the Arredondo parties for fraudulent transfer. The trial court granted the motion to show authority, striking every document Intervenor had filed on behalf of Cuevas, including his live petition, but not including the amended petition in intervention. The Arredondo parties filed a notice of non-suit of all their claims against Cuevas. The trial court signed an order dismissing the case between Cuevas and the Arredondo parties on February 8, 2016.

In March 2016, Cuevas filed a traditional motion for final summary judgment, arguing that Intervenor's claims against him were barred by the four-year statute of limitations for contracts and quantum meruit.[2] Cuevas argued that the accrual date

---

[1] We refer to Cuevas and the Arredondo parties collectively as "appellees."

[2] We note that this motion was filed by a new attorney for Cuevas. The same attorney previously filed a motion to substitute counsel, but no order granting the motion appears in the

for Intervenor's claims was February 2, 2010, the date the prior judgment was signed. Cuevas asserted that the prior judgment ran exclusively for him—not for Intervenor—and that Intervenor was required to amend the prior judgment within that court's plenary power so that it could be entitled to the attorney's-fee award. Cuevas attached three exhibits[3] to his summary-judgment motion, none of which was authenticated or certified. The text "UNOFFICIAL COPY" appears on each exhibit. Exhibit 1 purports to be the judgment in the prior suit. Intervenor filed a response to the summary-judgment motion, arguing, inter alia, that it was not supported by competent, authenticated evidence because the attached documents were not certified. On the basis that the statute of limitations had run, the trial court granted Cuevas partial summary judgment as to Intervenor's breach-of-contract and quantum-meruit claims for fees awarded to Cuevas against Arredondo in the prior judgment. The order did not address Intervenor's claim for post-judgment collection fees against Cuevas or its fraudulent-transfer claims against the Arredondo parties.

Cuevas subsequently filed a "Motion to Strike Interpleader's Action."[4] In this motion, Cuevas argued that Intervenor's claim for post-judgment collection fees did not arise from a justiciable interest and consequently Intervenor's suit should be dismissed in its entirety. In a final order issued on June 28, 2016, the trial court granted Cuevas summary judgment on statute-of-limitations grounds "to the extent

---

record.

[3] Although Cuevas only labeled one exhibit, his summary-judgment motion refers to three exhibits. Exhibit 2 purports to be an order in the prior suit appointing a receiver, wherein the receiver was awarded fees (on a contingent basis) for receiving and selling Arredondo's non-exempt assets in satisfaction of the prior judgment. Exhibit 2 also appears to order the receiver to distribute an amount equal to the remainder of the assets to Cuevas's attorney. Exhibit 3 purports to be an order in the prior suit dated November 25, 2013, closing the receivership.

[4] The Arredondo parties filed a brief in support of Cuevas's summary-judgment motion and in support of Cuevas's motion to strike "subject to special appearance" addressing the issues raised therein, but did not file a separate motion for summary judgment or motion to strike.

3

of Intervenor's claims for fees or legal services due or owing at the time of, or in connection with, the entry of the Judgment dated February 2, 2010 in Docket No. 943542 before Harris County Civil Court at Law Number Four." In the same final order, the trial court struck "the remainder" of Intervenor's claims (the claims for post-judgment collection fees as to Cuevas and, apparently, all claims as to the Arredondo parties) for want of a justiciable interest pursuant to rule 60 of the Texas Rules of Civil Procedure. The trial court subsequently granted the Arredondo parties' special appearance[5] on June 29, 2016. Intervenor timely filed a notice of appeal.

## II.    DISCUSSION

### A. No competent evidence supports summary judgment based on limitations.

Intervenor contends that there was a complete absence of authentication of the only evidence attached to Cuevas's traditional summary-judgment motion. Appellees respond that Intervenor failed to preserve this issue for appeal because the trial court never ruled on Intervenor's evidentiary objections. In *In re Estate of Guerrero*, a majority of this en banc court held that an issue regarding a complete absence of authentication is a defect of substance that is not waived when a party fails to object and the issue may be urged for the first time on appeal. 465 S.W.3d 693, 706–08 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc maj. op.). Accordingly, even if Intervenor did not obtain a ruling on its evidentiary objections, Intervenor may urge its authentication issue for the first time on appeal. *See id.*

### i.  No reporter's record appears in our record.

When, as here, the clerk's record has been filed but the court reporter has not

---

[5] We note that no sworn motion challenging the court's jurisdiction over the Arredondo parties appears in our record.

filed a reporter's record because the appellant did not pay or make arrangements to pay the reporter's preparation fee, an appellate court—after first giving the appellant notice and a reasonable opportunity to cure—may decide those issues that do not require a reporter's record for a decision.[6] *See* Tex. R. App. P. 37.3(c); *see also Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 878 S.W.2d 598, 599–600 (Tex. 1994) (appellate court must identify and address issues not requiring reporter's record if clerk's record has been filed). Summary judgments are traditionally decided on the pleadings, admissions, stipulations, motions, and discovery, and do not require evidentiary hearings. *See* Tex. R. Civ. P. 166a(c) (stating "[n]o oral testimony shall be received at the hearing" and providing judgment sought shall be rendered forthwith if evidence shows (1) no genuine issue of material fact and (2) entitlement to judgment as a matter of law on issues expressly set out in motion or response); *see also Strachan v. FIA Card Servs.*, No. 14-09-01004-CV, 2011 WL 794958, at *3 (Tex. App.—Houston [14th Dist.] Mar. 8, 2011, pet. denied) (subs. mem. op.) ("Because a motion for summary judgment is submitted on written proof, a transcript of the summary-judgment hearing is not necessary to appeal a summary judgment . . . ."). Therefore, we review the summary judgment without the reporter's record.

### ii. Standard of review and applicable law

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, a movant must establish "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). We review the evidence presented in the

---

[6] Intervenor notified this court in a letter filed on October 7, 2016 that he did not intend to file the reporter's record because it was not necessary in this summary-judgment appeal.

light most favorable to the party against whom the summary judgment was rendered, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann*, 289 S.W.3d at 848.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action, and if the plaintiff pleads the discovery rule, then the defendant/movant must conclusively negate it. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see* Tex. R. Civ. P. 94.[7] If the movant establishes that the statute of limitations bars the action, then the nonmovant must adduce summary-judgment proof raising a fact issue in avoidance of the statute of limitations. *Diversicare*, 185 S.W.3d at 846; *KPMG Peat Marwick*, 988 S.W.2d at 748.

The statute of limitations for a claim for breach of contract is four years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam). The statute of limitations for an action in quantum meruit is also four years. *See Williams v. Khalaf*, 802 S.W.2d 651, 657 (Tex. 1990) (op. on reh'g). The parties do not agree on the accrual date of Intervenor's claims.

"Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence." *Guerrero*, 465 S.W.3d at 703; *see* Tex. R. Civ. P. 166a(c) (authenticated or certified public records are proper summary-judgment evidence); *Anders v. Mallard & Mallard, Inc.*, 817 S.W.2d 90, 94 (Tex. App.—Houston [1st Dist.] 1991, no writ)

---

[7] We note that our record does not contain Cuevas's answer to the petition in intervention or other indicia that the affirmative defense of limitations was pleaded.

6

(requiring attachment of certified copies of prior petition and prior judgment to summary-judgment motion, which was based on res judicata, to constitute proper summary-judgment proof). To properly authenticate a document, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a). Or, the document may be self-authenticating if, for instance, it is a public record that is sealed and signed or certified and signed in accordance with rule 902. *See id.* 902(1), (2). Yet another option for self-authentication is through discovery. *See* Tex. R. Civ. P. 193.7. For instance, a document produced by a party as a discovery response and used against that party is self-authenticating. *See id.* ("A party's production of a document *in response* to written discovery authenticates the document for use *against that party* in any pretrial proceeding or at trial unless—within ten days or a longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used—the party objects to the authenticity of the document, or any part of it, stating the specific basis for objection." (emphases added)).

### iii. Analysis

Here, Cuevas relied on the date and facts recited in the purported prior judgment to argue that Intervenor's claims were time barred. *See Diversicare*, 185 S.W.3d at 846 (defendant/movant must prove when claim accrued); *KPMG Peat Marwick*, 988 S.W.2d at 748 (same). However, neither the prior judgment, nor the two other orders from the prior suit, were sealed and signed or certified in accordance with rule 902. *See* Tex. R. Evid. 902(1), (2). Nor were these documents otherwise authenticated under rule 901 because Cuevas did not offer any evidence to support a finding that the prior judgment and other orders were what he claimed. *See id.* 901(a).

Appellees contend that the trial court judicially noticed the prior judgment.

7

The record does not indicate whether judicial notice was taken. We do not have the reporter's record, and neither of the orders granting partial and final summary judgment states that judicial notice was taken. Appellees argue we may presume that judicial notice was taken, citing *Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436, 439 (Tex. App.—Houston [14th Dist.] 1992, no writ). However, in that case, the *Marble Slab* court presumed that the trial court took judicial notice of its own records—not records from another court. *See id.*; *see also In re K.F.*, 402 S.W.3d 497, 505 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (noting that "[a] trial court may take judicial notice of its own files").[8] Regardless, presuming that the trial court took judicial notice of the prior judgment, "[a] court may not judicially notice records of another court." *See Nat'l Cty. Mut. Fire Ins. Co. v. Hood*, 693 S.W.2d 638, 639 (Tex. App.—Houston [14th Dist.] 1985, no writ) (trial court could not take judicial notice of another court's records, prior suit, and prior garnishment proceedings, and reversing summary judgment because proof offered was lacking).

Even if a court properly could take judicial notice of another court's records, "this does not relieve the proponent from the responsibility of providing them to the court *in a form acceptable for summary judgment proceedings*, i.e. either sworn to

---

[8] Appellees also direct us to *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 459 (Tex. App.—Houston [14th Dist.] 2005, pet. denied), for the proposition that a court may take judicial notice of a prior lawsuit. However, the *WorldPeace* court did not take judicial notice of a prior suit. The court stated:

> On appeal, WorldPeace requests that we judicially notice the prior lawsuit involving Collins. *Even if we were to do so*, our notice could not satisfy WorldPeace's burden of proof in the trial court.

*Id.* (emphasis added). The *WorldPeace* court also cited *Anders v. Mallard & Mallard, Inc.*, with approval, a case wherein the court held that there was no evidence of collateral estoppel because a party failed to provide the trial court with a *certified* copy of a petition from prior lawsuit. *Id.* (citing *Anders*, 817 S.W.2d at 94–95). Therefore, *WorldPeace* does not support appellees' argument.

or certified." *Mowbray v. Avery*, 76 S.W.3d 663, 689 (Tex. App.—Corpus Christi 2002, pet. denied) (citing *Gardner v. Martin*, 345 S.W.2d 274, 276–77 (Tex. 1961)).

Appellees also assert that the prior judgment was authenticated against Intervenor under rule 193.7 because, according to appellees, Intervenor produced it to Cuevas. We disagree. Nothing in the record tends to establish that Intervenor produced this document in response to written discovery in this case. *Compare Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, 520 S.W.3d 145, 158 (Tex. App.—Austin 2017, pet. filed) (no proof that document produced in discovery such as Bates stamp), *and Kucera v. Humble Indep. Sch. Dist.*, No. 14-03-01200-CV, 2004 WL 2161827, at *3 n.2 (Tex. App.—Houston [14th Dist.] Sept. 28, 2004, no pet.) (same), *with Merrell v. Wal-Mart Stores, Inc.*, 276 S.W.3d 117, 130 (Tex. App.—Texarkana 2008) (record contained filed "Notice of Self Authentication Pursuant to Rule 193.7"), *rev'd on other grounds*, 313 S.W.3d 837 (Tex. 2010).

Because none of the summary-judgment evidence (Exhibits 1, 2, and 3) was authenticated or certified, it was incompetent. Accordingly, the trial court erred in granting final summary judgment in favor of Cuevas and against Intervenor because the judgment was not supported by competent evidence. *Guerrero*, 465 S.W.3d at 703, 705; *see* Tex. R. Civ. P. 166a(c). We sustain Intervenor's first issue.

## B. Special appearance

In its second issue, Intervenor contends that the trial court erred in granting the Arredondo parties' motion for special appearance. Intervenor asserts that the Arredondo parties made a general appearance by filing a (1) motion to show authority, (2) reply brief regarding their motion to show authority, and (3) reply brief in support of Cuevas's summary-judgment motion against Intervenor's claims for attorney's fees. The trial court disposed of all Intervenor's pending claims against

the Arredondo parties in its June 28, 2016, order that stated it was "final" and "appealable." The fraudulent-transfer claim was among the claims pending at the time of the June 28, 2016, order. The trial court granted the Arredondo parties' special appearance on June 29, 2016, the day after which all claims against the Arredondo parties were disposed. Appellant does not challenge the trial court's disposition of all of Intervenor's pending claims against the Arredondo parties in its June 28, 2016, order. Based on the record before us, we conclude that the special-appearance issue is moot.

The mootness doctrine implicates subject-matter jurisdiction. *City of Shoreacres v. Tex. Comm'n on Envtl. Quality*, 166 S.W.3d 825, 830 (Tex. App.—Austin 2005, no pet.). Where, as here, we review subject-matter jurisdiction sua sponte, we construe the allegations in the pleading in favor of the pleader and, if necessary, examine the entire record to determine if there is evidence establishing subject-matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). "The mootness doctrine limits courts to deciding cases in which an actual controversy exists," *F.D.I.C. v. Nueces Cty.*, 886 S.W.2d 766, 767 (Tex. 1994), and prevents courts from rendering advisory opinions, *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam). A controversy must exist between the parties at every stage of the legal proceeding, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy. *See In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *see also Camarena v. Texas Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) ("Generally, a case is determined to be moot when the issues presented are no longer live or the parties lack a legally cognizable interest in

the outcome." (internal quotation marks omitted)). Where, as here, a judgment is issued without a conventional trial, the judgment "is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

The trial court's June 28, 2016, order (1) granted summary judgment on Intervenor's claims against Cuevas for attorney's fees stemming from the prior judgment and (2) struck the remainder of Intervenor's plea in intervention. The remainder of the plea included claims against Cuevas for post-judgment collection fees and all of Intervenor's claims against the Arredondo parties. The June order also states that it is final and appealable. The trial court's June order disposed of all pending claims before the trial court. *See id.*

A day after the final, June order, the trial court granted the Arredondo parties' special appearance. Intervenor has not challenged the portion of the June order striking all claims against the Arredondo parties. Accordingly, Intervenor has no live plea or controversy against the Arredondo parties because all his claims as to them were stricken. Our reversal of the special-appearance order would have no practical legal effect on the unchallenged portion of the final order that effectively disposed of Intervenor's claims against the Arredondo parties. *See City of Shoreacres*, 166 S.W.3d at 838 (city's request for review of state agency's grant of environmental permit was moot because federal permit provided permit for same environmental activity and time period to revoke certification of federal permit under State authority had passed). Therefore, the special-appearance issue is moot. *See Nueces Cty.*, 886 S.W.2d at 767; *Camarena*, 754 S.W.2d at 151; *City of Shoreacres*, 166 S.W.3d at 838. Accordingly, we overrule Intervenor's second issue as moot.

### III.   CONCLUSION

Having sustained Intervenor's first issue, we reverse that portion of the trial court's final judgment granting summary judgment, affirm the remainder of the judgment, and remand to the trial court for further proceedings consistent with this opinion.


/s/     Marc W. Brown
         Justice


Panel consists of Justices Boyce, Jamison, and Brown.