**In re MACY'S TEXAS, INC., Relator.**

**No. 08–0584.**

Supreme Court of Texas.

June 26, 2009.

Michael Phillips, William Tracy Freeman, Neal D. Kieval, Evelyn Ailts Der-

**27.** Not that there's anything wrong with that. As a matter of fact—and law—there *is* something wrong with that.

**28.** *See* TEX.R.APP. P. 51, 65.

rington, Phillips & Akers, P.C., houston, TX, for Relator.

W. Burl Brock, Karl B. Brock, Brock & Brock, P.C., San Antonio, TX, for Real party In Interest.

PER CURIAM.

Erica Tomsic alleges injury to her back while working as an employee at a Macy's department store in April 2007. On May 9, 2007, she signed an "Arbitration Acknowledgment" stating she had "received and read (or had the opportunity to read) the Summary Plan Description ... for the Federated Department Stores, Inc. Injury Benefit Plan for Texas Employees, effective February 1, 2005."[1] In the one-page Acknowledgment, she agreed to "immediately report to my supervisor" any accidents involving employees, customers, or herself. She also acknowledged that the Plan required arbitration of on-the-job injuries against "the Company." On page 1 in bold black lettering, the Plan defined "the Company" as "your particular employer":

> All Texas employees of Federated Department Stores, Inc, Macy's West, Inc., and Federated Systems Group, Inc. will be covered by this program. References to the word "Company" in this booklet will mean your particular employer.

Tomsic nevertheless sued her employer in court, naming Macy's Texas, Inc. as her employer and the only defendant. At a hearing on the latter's motion to compel arbitration, she argued that she was not employed by any of the entities the Plan expressly named, and offered pay stubs showing she was paid by "Macy's South, Paying Agent for Macy's TX I, L.P." In response, the defendant presented an affidavit by an assistant manager for human relations at Tomsic's store who said he was an employee of "Macy's South," Tomsic was an employee of "Macy's West," and that both entities were retail divisions of Macy's Inc., formerly known as Federated Department Stores, Inc. The trial court denied the motion to compel arbitration, and the court of appeals denied mandamus relief. 2008 WL 2828794.

We agree with Tomsic that the affidavit alone is insufficient to require relief. While the trademark laws make it hard to believe Macy's South or Macy's West are not affiliated with Macy's Inc., it was the defendant's burden to prove they were. See In re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex.2005). On that issue the affidavit was conclusory rather than conclusive, failing to establish any basis for the affiant's knowledge of corporate structure or attach any supporting documents whatsoever. And even if they were affiliates, treating affiliates as one entity for purposes of arbitration may be inconsistent with their separate creation. See In re Merrill Lynch Trust Co. FSB, 235 S.W.3d 185, 191 (Tex.2007).

But in this case the Plan itself stated that "the Company" would mean "your particular employer." This definition is certainly nonspecific, but it serves to avoid the kind of disputes about corporate divisions and affiliates that Tomsic tries to raise here. The FAA contains no requirements for the form or specificity of arbitration agreements except that they be in writing; it does not even require that they be signed. See 9 U.S.C. § 2; Seawright v.

---

1. The Plan's effective date predated her injury, even though her Acknowledgment did not. As it is undisputed that the Plan adopted the Federal Arbitration Act, the limitations on such post-injury agreements in the Texas Act do not apply. See Tex Civ. Prac. & Rem.Code § 171.002(c) (prohibiting post-injury arbitration agreements unless signed by each party's attorney).

*Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 978 (6th Cir.2007) (citing cases from the 2nd, 5th, 7th, and 10th Circuits). But in this case the defendant's affidavit establishes that the Acknowledgment was signed "For the Company" by an assistant manager at the Macy's store where Tomsic worked.

Tomsic offers no explanation why she would agree with anyone other than her employer on a health-benefits plan or arbitration for on-the-job injuries. Her suit asserts failure to provide proper equipment and a safe workplace—both nondelegable duties owed by her employer. *See Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex.2008). As Tomsic agreed to arbitrate with her employer and purported to sue her employer, she cannot avoid arbitration by raising factual disputes about her employer's correct legal name.

Accordingly, without hearing oral argument, TEX. R. APP. P. 52.8(c), we conditionally grant the petition for writ of mandamus and direct the trial court to enter an order compelling arbitration. We are confident the trial court will comply, and our writ will issue only if it does not.