

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

| | | |
|---|---|---|
| MOUNTAIN VIEW HEALTH & REHABILITATION CENTER, INC., CREATIVE SOLUTIONS IN HEALTHCARE, INC., and LIDIA MOYA, | § | No. 08-23-00033-CV |
| | | Appeal from the |
| | § | 210th Judicial District Court |
| Appellants, | | of El Paso County, Texas |
| v. | § | (TC# 2022DCV1585 ) |
| MARY HORTON KEELE, | | |
| Appellee. | § | |

**DISSENTING OPINION**

I disagree with the Court's determination that Appellants met their evidentiary burden to compel arbitration. Assuming authentication, the purported arbitration agreement merely requires Keele to arbitrate with "the facility," but it fails to define that generic term. Here, I view *In re Macy's Texas, Inc.*, 291 S.W.3d 418, 419 (Tex. 2009) (per curiam), as factually distinguishable. There, the signed arbitration acknowledgment identified "the Federated Department Stores, Inc.," as a party to the contract, and further defined "the Company," as inclusive of "your particular employer." *Id*. Moreover, the contract further detailed that employees of three corporate entities would be covered by its terms. *Id.* But here, Keele rightly points out that no legal entity has actually agreed to be bound by the purported agreement. On the contract's face, it's impossible to

tell which entity has agreed to be bound by the agreement. Lastly, *In re Macy's* provides no support for considering Keele's pleading to supply the missing term. *Id*. Even so, Keele provides the name of several possible employers by her allegations. As instructed by *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 191 (Tex. 2007), "a contract with one corporation—including a contract to arbitrate disputes—is generally not a contract with any other corporate affiliates." In sum, because I disagree with the Court's reasoning and disposition, I respectfully dissent.


GINA M. PALAFOX, Justice

October 6, 2023

Before Rodriguez, C.J., Palafox, Soto, JJ.