COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| | § | |
| VIBRA REHABILITATION HOSPITAL OF EL PASO, LLC d/b/a HIGHLANDS REHABILITATION HOSPITAL, SABRA TEXAS HOLDINGS, L.P., and DIANA SCHULTZ, | § | No. 08-23-00137-CV |
| | § | Appeal from the |
| | § | 120th Judicial District Court |
| Appellants, | § | of El Paso County, Texas |
| v. | § | (TC# 2022DCV2999) |
| RAMIRO ILLARRAMENDI, JR., | § | |
| Appellee. | § | |
| | § | |

**CONCURRING AND DISSENTING OPINION**

I concur in part and dissent in part. I concur in the Court's disposition of the challenge asserted by Appellant Sabra Texas Holdings, L.P., as I agree it did not establish its right to compel arbitration against Appellee Ramiro Illarramendi, Jr. In all other respects, I respectfully dissent. Unlike the majority of the Court, I would affirm the trial court's denial of the motion to compel arbitration by Appellants Highlands Rehabilitation Hospital and Diana Schultz, who I speak of jointly as they appear here as principal and agent.

A trial court's order denying a motion to compel arbitration is reviewed under an abuse-of-discretion standard, deferring to the trial court on factual determinations that are supported by the evidence and reviewing de novo its legal determinations. *See Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). The evidentiary standards applicable to a motion to compel arbitration are

the same as those applicable to a motion for summary judgment. *Estate of Guererro*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Thus, a party moving to compel arbitration must present complete summary proof that an agreement to arbitrate exists and requires arbitration of the dispute. *Id.*

As the party seeking to compel arbitration, Highlands shouldered the burden of establishing the existence of a valid arbitration agreement. In determining whether an agreement to arbitrate exists, courts apply ordinary principles regarding contract formation. *See J.M. Davidson v. Webster*, 128 S.W.3d 223, 227–28 (Tex. 2003). The primary concern in construing the contract is to ascertain the intention of the parties as expressed in the agreement. *Jody James Farms JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018). Ordinarily, only signatories to an arbitration agreement may enforce its provisions. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015).

As to Highland's motion, I disagree it established its right to compel arbitration under the relevant Injury Benefit Plan. It is clear and undisputed that Highlands is a non-signatory of the agreement. Under Texas law, it is well established that non-signatories seeking to compel arbitration must "establish that they have a valid legal right to enforce the . . . arbitration agreement even though they are not parties to that contract." *Id.* Courts have generally noted six theories in which arbitration agreements may be enforced by non-signatories: "(1) incorporation by reference, (2) assumption, (3) agency, (4) alter ego, (5) equitable estoppel, and (6) third-party beneficiary." *Jody James Farms*, 547 S.W.3d at 633. Even so, Highlands relies on none of these theories in its briefing. Rather, Highlands asserts an alternative argument, claiming the plain language of the Injury Benefit Plan listed it as a "participating site," which confirms its "affiliate" status; and thus, it could effectively enforce the arbitration agreement based on contract terms.

Specifically, Highlands first points to Article II of the Injury Benefit Plan, the provision

2

defining contract terms. There, the term "Company" is defined as: "Vibra Healthcare, LLC . . . or any affiliate or successor thereof that subsequently adopts the Plan." Highlands next points to "Addendum 1" of the Injury Benefit Plan, which lists Highlands as a "participating site." Highlands contends its inclusion on this list "confirms" it is an "affiliate of and under corporate control of Vibra. . . ." That is, that its list inclusion, standing alone, effectively serves as conclusive proof that Highlands adopted the plan as an affiliate of Vibra Healthcare, LLC.

The majority agrees with Highlands and concludes that Highlands established its adoption of the Injury Benefit Plan as required by defined terms. The majority reasons that the term "adopt" is not itself a defined term; thus, no limitations are imposed on its meaning. The majority distinguishes *Red Bluff, LLC v. Tarpley*, and holds that the Injury Benefit Plan contains no "particular procedure" and no "affirmative opt-in" steps for an affiliate to follow to adopt the plan. No. 14-17-00505-CV, 2018 WL 6722346, at *7 (Tex. App.—Houston [14th Dist.] Dec. 21, 2018, no pet.) (mem. op.) (holding movant failed to meet its burden of establishing it was an "Employer" entitled to invoke the arbitration provision when it did not meet the two-step procedure for a subsidiary to adopt the plan). Absent contractual procedures for affiliate adoption, the majority holds that inclusion of Highlands as a participating site on the addendum sufficiently established adoption regardless of Highland's independent corporate structure. I disagree.

Although I agree the plan does not define or explain the meaning of the term "adopt," I contend it neither expresses any intent for adoption to be established by mere inclusion on a list of participating sites. Even when using the dictionary definition of adopt as provided by the majority—that is, to choose or take as one's own; make one's own by selection or assent; to vote to accept; to accept or act in accordance with; or to take or receive into any kind of new relationship—the evidentiary gap remains as to whether Highlands itself acting as an independent entity chose inclusion and intended to be bound to contract terms.

3

Here, affiliate status alone does not comply with the meaning of the term "Company." Rather, the plain language of the Injury Benefit Plan calls for an affiliate to actually adopt the plan on its own behalf. This requirement squarely lines up with long established principles of corporate governance. "A corporate relationship is generally not enough to bind a nonsignatory to an arbitration agreement." *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 191 (Tex. 2007) (orig. proceeding); *see also In re Macy's Texas, Inc.*, 291 S.W.3d 418, 419 (Tex. 2009) (orig. proceeding) ("[E]ven if they were affiliates, treating affiliates as one entity for purposes of arbitration may be inconsistent with their separate creation."). Thus, giving Highlands its affiliate due, I would hold that more proof is needed to establish its adoption of contract terms. *See J.M. Davidson*, 128 S.W.3d at 227–28.

I would conclude that Highlands failed to establish it adopted the Injury Benefit Plan with its mandatory arbitration provision. As a result, I would further conclude the trial court did not abuse its discretion in denying Highlands's motion to compel arbitration. Because Highlands could not lawfully enforce the arbitration agreement, I would also conclude that Schultz similarly failed to meet her burden to establish her entitlement to enforce the arbitration agreement. In short, I would affirm the trial court's order denying all motions to compel arbitration. Because the majority concludes otherwise, I dissent in part.

GINA M. PALAFOX, Justice

May 17, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Palafox, J., concurring and dissenting in part

4