

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

| | | |
|---|---|---|
| MOUNTAIN VIEW HEALTH & REHABILITATION CENTER, INC., CREATIVE SOLUTIONS IN HEALTHCARE, INC., and LIDIA MOYA, | § | No. 08-23-00033-CV |
| | | Appeal from the |
| | § | 210th Judicial District Court |
| Appellants, | | of El Paso County, Texas |
| v. | § | (TC# 2022DCV1585 ) |
| MARY HORTON KEELE, | | |
| Appellee. | § | |

## <u>SUBSTITUTED DISSENTING OPINION</u>

To ensure that opinions are issued together and on the same date, I similarly withdraw my dissenting opinion of October 6, 2023, and substitute the following opinion in its place. I would grant Appellee's motion for rehearing.

Respectfully, I disagree with the Court's determination that Appellants met their evidentiary burden in support of their motion to compel arbitration. As the party seeking to enforce a purported agreement, Appellants carried the burden of establishing that the contract was valid and enforceable. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)(a party attempting to compel arbitration must establish (1) a valid arbitration agreement and (2) that the dispute in question falls within its scope); *United Rentals, Inc. v. Smith*, 445 S.W.3d 808, 812

(Tex.App.—El Paso 2014, no pet.). In my view, Appellants failed to establish that Appellants themselves intended to be contractually bound to the terms.

Assuming authentication, the purported arbitration agreement merely requires that Keele arbitrate with "the facility," but it fails to define that generic term. Unlike the majority, I view *In re Macy's Texas, Inc.*, 291 S.W.3d 418, 419 (Tex. 2009) (per curiam), as factually distinguishable. There, the signed arbitration acknowledgment identified "the Federated Department Stores, Inc.," as a party to the contract, and further defined "the Company," as inclusive of "your particular employer." *Id*. Moreover, the contract further detailed that employees of three corporate entities would be covered by its terms. *Id.* But here, Keele rightly points out that no legal entity has actually agreed to be bound by the purported agreement. On the contract's face, it's impossible to tell which entity, if any, agreed to be bound to the terms. Lastly, *In re Macy's* also provides no support for considering Keele's pleading to supply the missing term. *Id*. And factually, Keele provides the name of several possible employers by her allegations, not the name of a certain Party that would be bound to contract terms. As instructed by *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 191 (Tex. 2007), "a contract with one corporation—including a contract to arbitrate disputes—is generally not a contract with any other corporate affiliates." In sum, because I disagree with the Court's reasoning and disposition, I respectfully dissent.

GINA M. PALAFOX, Justice

June 17, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Alley, C J., concurring
Palafox, J., dissenting and would grant Motion for Rehearing